UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. HOPE, MICHELLE LAMAR, and CHRISTOPHER LAMAR, <br><br> Plaintiffs, <br><br> v. <br><br> LUNARLANDOWNER.COM, INC., <br><br> Defendant. | No. 2:20-cv-01783-TLN-DB <br><br><br> **ORDER** |

This matter is before the Court on Defendant Lunarlandowner.com, Inc.'s ("Defendant") Motion to Dismiss, or in the alternative, to Transfer Venue. (ECF No. 11.) Plaintiffs Dennis M. Hope ("Hope"), Michelle Lamar, and Christopher Lamar (collectively, "Plaintiffs") filed an opposition. (ECF No. 14.) Defendant filed a reply. (ECF No. 15.) For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Transfer Venue and DENIES Defendant's Motion to Dismiss as moot. (ECF No. 11.)

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sell novelty gift items with outer space themes online, including fantasy "deeds" offering acreage on the moon or other celestial bodies. (ECF No. 1 at 3; *see also* ECF No. 11 at 10.) Hope resides in the Eastern District of California. (ECF No. 1 at 3.) Michelle and Christopher Lamar reside in Connecticut. (*Id.*) Defendant, a Florida corporation, also sells novelty items online, including fantasy lunar packages offering acreage on the moon. (*Id.* at 3, 6.)

Plaintiffs filed the instant action on September 3, 2020, alleging Defendant: infringed Hope's federally registered service trademark "Lunar Embassy"; used the marks "Lunar Land" and "lunarland.com" without authorization; falsely suggested a connection between Defendant's products and Plaintiffs' products; and engaged in advertising, promotion, offering for sale, and sale of goods and services using the allegedly infringing marks. (*Id.* at 5–11.) Plaintiffs allege Defendant is willfully causing confusion in the marketplace and diverting potential sales from Plaintiffs to Defendant. (*Id.* at 7.)

On November 6, 2020, Defendant filed the instant motion to dismiss, or in the alternative, to transfer venue pursuant to 28 U.S.C § 1404(a). (ECF No. 11.) Because the Court intends to grant Defendant's motion to transfer venue, the Court need not and does not address Defendant's arguments regarding dismissal.

### II. STANDARD OF LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of 28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses[,] and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

First, the Court determines whether the case could have been brought in the transferee forum and then considers the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). Courts looks to several factors to determine where the interests of justice and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)); *see also Jones*, 211 F.3d at 498–99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

### III.   ANALYSIS

Defendant requests this action be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). (ECF No. 11 at 21.) Defendant contends this action could have been filed in the Southern District of Florida on the grounds that: (1) the Southern District of Florida is a proper transferee district because it has subject matter jurisdiction, Defendant is subject to personal jurisdiction in the district, and venue is proper; and (2) the public and private interest factors weigh in favor of transfer. (*Id*. at 21–22.) In opposition, Plaintiffs fail to address the public and private interest factors and instead argue the Eastern District of California has subject matter and personal jurisdiction over Defendant and the exercise of jurisdiction in this district would be reasonable. (ECF No. 14 at 10–15.) The Court will address each of Defendant's arguments in turn.

///

///

3

A.  Whether the Southern District of Florida is a District in Which the Action Could Have Been Brought

*i.  Subject Matter Jurisdiction*

Defendant argues the Southern District of Florida has federal question jurisdiction over Plaintiffs' claims that arise under federal law (specifically the Lanham Act and Copyright Act) and supplemental jurisdiction over the remaining state and common law claims. (ECF No. 11 at 22.) In opposition, Plaintiffs do not dispute or address this argument. (*See* ECF No. 14.)

28 U.S.C. § 1331 provides federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1367 provides federal courts "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court has held federal courts have supplemental jurisdiction over a state law claim where the state claim and the federal claim "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiffs allege claims for trademark infringement in violation of § 32(1) of the Lanham Act, unfair competition in violation of §43(a) of the Lanham Act, copyright misuse/abuse in violation of the Digital Millennium Copyright Act ("DMCA"), and fraudulent copyright misrepresentation in violation of the DMCA. (ECF No. 1 at 12–17.) As the Lanham Act and the DMCA claims arise under federal law, the Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs further allege all claims "aris[e] from . . . Defendant's unauthorized use of the marks Lunar Land and lunarland.com . . . in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's on-line retail store services featuring fantasy lunar packages purporting to sell acreage of land on the moon, for novelty purposes . . . ." (*Id.* at 1–2.) In other words, Plaintiffs' remaining state and common law claims arise out of the common nucleus of operative facts which are the basis for Plaintiffs'

4

federal law claims. The Court therefore has supplemental jurisdiction over these claims under 28 U.S.C. § 1367. Accordingly, the Court finds subject matter jurisdiction exists in the Southern District of Florida.

> ii. *Personal Jurisdiction*
>
> a) *Defendant*

Defendant argues it is subject to personal jurisdiction in the Southern District of Florida because Defendant is a Florida corporation with a principal place of business in Boynton Beach, Florida. (ECF No. 11 at 22.) Plaintiffs do not dispute or address this argument. (*See* ECF Nos. 14, 20.) For the purposes of personal jurisdiction, "[t]he 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (internal citations omitted). The Court finds that Defendant is "at home" in the Southern District of Florida and is subject to personal jurisdiction there.

> b) *Plaintiff*

Plaintiffs request the matter remain in the Eastern District of California because they have no ties with the state of Florida and therefore the Southern District of Florida does not have personal jurisdiction over Plaintiffs. (ECF No. 20 at 3−5.) Defendant argues personal jurisdiction over Plaintiffs in the transferee court is not required for transfer under 28 U.S.C. § 1404. (ECF No. 21 at 3–4.)

"There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009); *see also F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009) ("[I]t is not necessary for the transferee forum to have personal jurisdiction over the plaintiff."); *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12cv911–IEG (WMC), 2012 WL 2068728, at *3 (S.D. Cal. Jun. 8, 2012) (same); *KCC Class Action Servs., LLC v. Aetna, Inc.*, No. CV 18-1018-JFW(JEMx), 2018 WL 5094907, at *6 n.3 (C.D. Cal. Apr. 20, 2018) (same). Accordingly, the Court agrees

with Defendant that the transferee court does not require personal jurisdiction over Plaintiffs as a prerequisite to transfer under 28 U.S.C. § 1404.

### iii. Venue

Defendant argues the Southern District of Florida is the proper venue pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Florida.[1] (ECF No. 11 at 22.) Plaintiffs do not dispute or address this argument. (*See* ECF No. 14.)

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporate defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). As discussed previously, Defendant is subject to personal jurisdiction in the Southern District of Florida and accordingly Defendant shall be deemed to reside in this district as well. Accordingly, venue is proper in the Southern District of Florida.

Because subject matter jurisdiction, personal jurisdiction, and venue are proper in the Southern District of Florida, the Court finds the instant action could have been brought in that district.

### B. Public and Private Interest Factors

For the reasons discussed below, the Court finds on balance that the relevant factors favor transferring this action to the Southern District of Florida.[2]

### i. *Plaintiffs' Choice of Forum*

Defendant argues Plaintiffs' choice of forum is entitled to minimal consideration because (1) the operative facts giving rise to the allegations did not occur in the Eastern District of California, (2) only one out of three named Plaintiffs is a resident of the Eastern District of

---

[1] Defendant also argues that venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred there. (ECF No. 11 at 22.) The Court finds that venue is proper under 28 U.S.C. § 1391(b)(1) and declines to discuss the argument raised under § 1391(b)(2).

[2] As noted previously, Plaintiffs do not address these factors in their opposition brief. However, it will be noted where Plaintiffs disagree with a specific contention of Defendant's.

6

1  California, and (3) the Eastern District of California does not have a particular interest in the
2  subject matter of this case. (ECF No. 11 at 23−24.) The Court will address each of Defendant's
3  arguments in turn.
4        A plaintiff's choice of forum is generally granted great weight. *Lou v. Belzberg,* 834 F.2d
5  730, 739 (9th Cir. 1987). However, "[i]f the operative facts have not occurred within the forum
6  and the forum has no interest in [the matter], [the plaintiff's] choice is entitled to only minimal
7  consideration." *Id.*; *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).
8  Additionally, deference to plaintiff's choice of forum is diminished where plaintiff does not
9  reside in the chosen forum. *See Owner–Operator Indep. Drivers Ass'n, Inc. v. C.R. England,*
10 *Inc.,* No. 02–cv–5664 AWI SMS, 2002 WL 32831640, at *7 (E.D. Cal. Aug. 19, 2002) (finding
11 that deference to plaintiff's choice of forum is diminished where plaintiff does not reside
12 in chosen forum and none of the events alleged in the complaint occurred there).
13       Defendant first argues Plaintiffs' choice of forum should be entitled to minimal
14 consideration because the operative facts of this case arose in the Southern District of Florida.
15 (ECF No. 11 at 23–24.) The Court disagrees. "'[I]n a trademark suit brought under the Lanham
16 Act, a 'substantial part' of the events giving rise to the claims occur in any district where
17 consumers are likely to be confused by the accused goods, whether that occurs solely in one
18 district or in many.'" *Thrive Natural Care, Inc. v. Le Vel Brands, LLC*, No. SA CV 21-2022-
19 DOC-KES, 2021 WL 2548688, at *3 (C.D. Cal. Apr. 28, 2021) (quoting *Allstar Mktg. Group,*
20 *LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009); *Woodke v. Dahm*,
21 70 F.3d 983, 985 (8th Cir. 1995)). Plaintiff alleges Defendant "actively sells to consumers within
22 the Northern and Eastern Districts of California." (ECF No. 1 at 6). Plaintiff further alleges
23 "there has been actual confusion between Plaintiffs' products and Defendant's products." (*Id.*)
24 Accordingly, a substantial part of the events giving rise to the claims occurred in this forum and
25 Plaintiffs' choice of forum is given deference.
26       Defendant next argues Plaintiffs' choice of forum should not be given substantial weight
27 because only one out of three Plaintiffs is a resident of the Eastern District of California. (ECF
28 No. 11 at 24.) "'[T]he degree to which courts defer to the plaintiff's chosen venue is substantially

reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.'" *Williams*, 157 F. Supp. 2d at 1106 (quoting *Fabus Corp. v. Asiana Exp. Corp.,* No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. 2001)). Here, although Hope allegedly resides in the Eastern District of California, Michelle and Christopher Lamar do not. (ECF No. 1 at 3.) The Court therefore finds the degree of deference granted to Plaintiffs' choice of forum must be reduced accordingly.

Lastly, Defendant argues "the Eastern District of California has no particular interest" in this case because "there is no particularized local impact that would result from the Defendant's alleged unlawful conduct in this District." (ECF No. 11 at 24.) In opposition, Plaintiffs state that "California has an interest in adjudicating the trademark infringement claims of its residents." (ECF No. 14 at 14.) The Court agrees California has an interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). However, that is tempered here because two out of three Plaintiffs are not California residents. (ECF No. 1 at 3.) As noted earlier, two of the Plaintiffs are nonresidents. The Court therefore finds the degree of deference granted to Plaintiffs' choice of forum must also be reduced accordingly.

Based on the foregoing, the Court finds this factor weighs slightly against transfer.

       *ii.*  *Convenience of the Parties*

Defendant argues most of the parties to the litigation have little, if any, contact with the Eastern District of California and therefore this factor weighs in favor of transfer. (ECF No. 11 at 24–25.) However, Defendant fails to explain why the inconveniences to Defendant, if it is forced to litigate in the Eastern District of California, would be greater than the inconveniences to Plaintiffs if they were forced to litigate in the Southern District of Florida. Transfer will not be allowed merely to shift the inconvenience from one party to another. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). This Court finds this factor is neutral.

### iii. Convenience of the Witnesses

Defendant argues "a majority of the potential witnesses — namely, current and former employees and contractors of Lunarlandowner.com, Inc. — are located in the Southern District of Florida." (ECF No. 11 at 10.) Plaintiff does not directly respond to this factor but vaguely states "some of the witnesses likely to be called in this case reside in California." (ECF No. 14 at 14.)

The convenience of witnesses is often the most important factor in determining whether a transfer under § 1404 is appropriate. *See, e.g.*, *Denver & Rio Grande W. R.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses."); *A.J. Indus., Inc. v. U.S. D. Ct. for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir. 1974) (discussing the importance and history of the convenience of witnesses in evaluating a § 1404 transfer); *Decter v. MOG Sales, LLC*, No. 2:06-cv-1738-MCE-GGH, 2006 WL 3703368, at *2 (E.D. Cal. Dec. 14, 2006) ("The convenience of the witnesses is said to be the most important factor in considering a transfer motion") (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)).

Plaintiffs allege the following: (1) Defendant improperly adopted and used marks that were "confusingly similar to [Hope's] Lunar Embassy [m]ark"; (2) Defendant made representations to potential customers that Defendant was "affiliated" with Plaintiffs; and (3) Defendant used the acronym IAOHPE on its website, which Plaintiffs allege "falsely suggest[s] a connection between [Defendant] and Plaintiffs" and is "intentionally meant to resemble Plaintiff Hope's last name." (ECF No. 1 at 6−8.) Based on Plaintiffs' allegations, and in the absence of contrary evidence or argument, the Court finds it reasonable to assume most potential witnesses would be current or former employees of Defendant.

Defendant further cites to a declaration provided by James Demestre, the President of Lunarlandowner.com (the "Demestre Declaration"). (*See* ECF No. 11-1.) The Demestre Declaration, while admittedly lacking in specificity, identifies three potential witnesses that are residents of the Southern District of Florida. (*Id.* at 2.) The Demestre Declaration further states that Defendant exclusively operates out of the Southern District of Florida, and all current and former employees are residents of the Southern District of Florida. (*Id.*) Defendant also argues

compulsory process would not be available for non-party witnesses located in the Southern District of Florida and "there will be significant obstacles to bringing these non-party witnesses to trial if litigation were to proceed in California." (ECF No. 11 at 26.) The Court recognizes litigation costs are reduced when venue is located near the most witnesses expected to testify. *McCoy v. Stronach*, No. 1:12-cv-000983-AWI-SAB (PC), 2019 WL 6894429, at *2 (E.D. Cal. Dec. 18, 2019) (citing *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013)); *see also Welenco, Inc. v. Corbell*, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014) ("Convenience of nonparty witnesses is often the most important factor in the [§] 1404(a) calculus."). The Court finds most potential witnesses are likely to be in the Southern District of Florida. Therefore, this factor weighs in favor of transfer.

### iv. Ease of Access to Sources of Proof

Defendant is incorporated in Florida and its principal place of business is in Boynton Beach, located in the Southern District of Florida. (ECF No. 11-1 at 2.) The Demestre Declaration establishes that Defendant "conducts its business exclusively out of the Southern District of Florida" and "all of [Defendant]'s business records and documentary evidence are located in the Southern District of Florida." (*Id.*)

"As other courts have noted, the 'ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations.'" *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) (internal citations omitted). However, at this time, no discovery has been taken and Plaintiffs have not provided a list of witnesses they intend to call or documents on which they intend to rely, which might otherwise indicate that the Eastern District of California is a more appropriate venue than the Southern District of Florida. (ECF No. 14 at 10–15.) Considering that most potential witnesses and documentary evidence are likely in the Southern District of Florida, this factor weighs in favor of transfer.

### v. Familiarity of Each Forum with Applicable Law

Defendant argues Plaintiffs' claims are based in federal law and federal courts in California and Florida are equally capable of determining the applicable law. (ECF No. 11 at 23.)

Plaintiffs concede that "many of the claims arise under [f]ederal [l]aw," but argue "some of the remaining claims arise under California state law and therefore should be heard in a California court." (ECF No. 14 at 10.) The Court disagrees, as courts in each jurisdiction are fully capable of deciding issues arising under both California and Florida law. *See Szegedy v. Keystone Food Products, Inc.*, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, at *7 (C.D. Cal. Aug. 26, 2009) (finding "[t]he judges in each jurisdiction are fully capable of deciding issues under both California and Pennsylvania law" and this factor did not weigh either for or against transfer). This Court finds this factor is neutral.

### vi. *Local Interest in the Controversy*

While California has an interest in adjudicating the claims of its own residents, that interest is tempered because two out of three Plaintiffs are not residents of California. (ECF No. 1 at 3.) Additionally, Defendant is a Florida corporation with its principal place of business in Florida. Courts have noted that there is a local interest in deciding matters pertaining to businesses that are headquartered in the state. *See Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-cv-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) (agreeing that another forum had a substantial interest in deciding controversies involving businesses headquartered there and that employed a substantial number of its citizens); *Bloom v. Express Servs.*, No. C 11-00009-CRB, 2011 WL 1481402, at *5–6 (N.D. Cal. Apr. 19, 2011) (stating that another forum had a more substantial interest in the controversy because it had "an interest in deciding controversies involving businesses headquartered there, and that employ a substantial number of its citizens") (citing *Skyriver Tech. Solutions, LLC v. OCLC Online Comput. Library Ctr., Inc.*, No. C 10-03305 JSW, 2010 WL 4366127, at *5 (N.D. Cal. Oct. 28, 2010)). The Court finds this factor is neutral.

### vii. *Relative Court Congestion and Time of Trial in each Forum*

Neither party addresses the factor of relative court congestion. However, it is relevant here. According to statistical tables available on the United States Courts website, as of June 30, 2021, the Eastern District of California had 1,325 pending actions per judgeship, while the Southern District of Florida had 378 pending actions per judgeship. *Table N/A- U.S. District*

*Courts- Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2021), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/09/30-1 (last accessed January 26, 2022).  Additionally, Chief Judge Kimberly J. Mueller testified before the House Judiciary Committee on February 4, 2021, on the need for new federal court judgeships in the Eastern District of California, noting that this district has qualified for judicial emergency status for at least 20 years.  *Hearing on The Need for New Lower Court Judgeships, 30 Years in the Making,* 117th Cong. 2–3 (2021) (statement of Kimberly J. Mueller, Chief Judge, U.S. District Court, Eastern District of California), available at http://www.caed.uscourts.gov/caednew/assets/File/Chief%20Judge%20Kimberly%20J_%20Mueller's%20Written%20Statement_2_21.pdf (last accessed January 26, 2022).  The Eastern District of California is significantly more congested than the Southern District of Florida.  Accordingly, the Court finds this factor weighs in favor of transfer.

Based on the foregoing, and in the absence of contrary arguments or evidence that might indicate the Eastern District of California is a more appropriate venue than the Southern District of Florida, the Court concludes that transfer to the Southern District of Florida is appropriate.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Transfer Venue and DENIES as moot Defendant's Motion to Dismiss.  (ECF No. 11).  The Court hereby transfers the instant action to the U.S. District Court for the Southern District of Florida.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  February 24, 2022

Troy L. Nunley
United States District Judge